EMN:AH
F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

IN RE APPLICATION OF                                    SEALED APPLICATION
THE UNITED STATES OF AMERICA
FOR AN ORDER PURSUANT TO
18 U.S.C. § 2703(d )

- - - - - - - - - - - - - - - - - - - - X

       Amanda Hector, pursuant to Title 28, United States Code, Section 1746, hereby

declares under penalty of perjury:

       1.     I am an Assistant United States Attorney in the United States Attorney's

Office for the Eastern District of New York. I respectfully submit this *ex parte* application for an

Order pursuant to Title 18, United States Code, Section 2703(d) to require Microsoft and

Google, which function as electronic communications service providers and/or remote

computing services, to provide records and other information pertaining to the following email

accounts: sfurtado111@hotmail.com and o.dennys@gmail.com (the "SUBJECT ACCOUNTS").

The records and other information requested are set forth as Attachments to the proposed Orders.

## LEGAL AND FACTUAL BACKGROUND

       2.     The United States government is investigating possible violations of

federal criminal laws, including conspiracy to commit and substantive racketeering, money

laundering and wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, 1956, and 1962, by current

and former officials involved in international soccer governance and executives with affiliated

sports marketing companies that buy and sell television and other rights associated with the game

of soccer. The focus of the investigation is on corruption, including the payment of bribes and

kickbacks to the foregoing officials and related crimes, including obstruction of justice, occurring in the Eastern District of New York and elsewhere.

3.       The investigation to date provides reasonable grounds to believe that Microsoft and Google have records and other information pertaining to certain of its subscribers that are relevant and material to an ongoing criminal investigation.  Because Microsoft and Google function as electronic communications service providers (by providing subscribers the ability to send or receive wire or electronic communications) and/or remote computing services (by providing computer storage or processing services to the public by means of an electronic communications system), Title 18, United States Code, Section 2703 sets out particular requirements that the government must meet in order to obtain access to the records and other information it is seeking.

4.       Here, the government seeks to obtain the following categories of information: (1) basic subscriber information; and (2) records and other information.

5.       A subpoena allows the government to obtain subscriber name, address, length and type of service, connection and session records, telephone or instrument number including any temporarily assigned network address, and means and source of payment information.  18 U.S.C. § 2703(c)(2).  The government may also compel such information through an order issued pursuant to Title 18, United States Code, Section 2703(d).  *See* 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2).

6.       To obtain records and other information pertaining to subscribers of an electronic communications service provider or remote computing service, the government must comply with Title 18, United States Code, Section 2703(c)(1), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a

2

record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity– . . .

(B) obtains a court order for such disclosure under subsection (d) of this section.

7.      Section 2703(d), in turn, provides in pertinent part:

A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction[1] and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

8.      Accordingly, this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the materials sought are relevant and material to an ongoing criminal investigation.

<u>THE RELEVANT FACTS</u>

9.      The evidence obtained during the investigation to date includes, among other things, information provided by a South American sports marketing executive ("Executive

---

[1]      18 U.S.C. § 2711(3) states that "the term 'court of competent jurisdiction' includes-- (A) any district court of the United States (including a magistrate judge of such a court) or any United States court of appeals that-- (i) has jurisdiction over the offense being investigated;  (ii) is in or for a district in which the provider of a wire or electronic communication service is located or in which the wire or electronic communications, records, or other information are stored; or (iii) is acting on a request for foreign assistance pursuant to section 3512 of this title; or (B) a court of general criminal jurisdiction of a State authorized by the law of that State to issue search warrants."

1"), consensual recordings made by Executive 1, records obtained from Executive 1, records obtained pursuant to federal grand jury subpoenas, and other sources.[2]

10.     Executive 1 is the owner of a privately-held sports marketing business that is headquartered in South America and has subsidiaries and affiliates in the United States, among other places (collectively, "Sports Marketing Company A"). According to Executive 1, starting in approximately the early 1990s, Executive 1 began making bribe, kickback, and other illicit payments to a number of soccer officials in South America and elsewhere. Among other things, the purpose of the bribe and kickback payments was to obtain and/or retain contracts for the media and marketing rights associated with various soccer tournaments and matches.

11.     According to Executive 1, and confirmed by documents obtained by the government, on or about August 15, 2012, Sports Marketing Company A entered into a contract with another privately-held sports marketing company (together with its subsidiaries and affiliates, "Sports Marketing Company B") to share certain commercial rights that each company had previously purchased from the national soccer association of a South American country ("National Association") associated with a specific annual soccer tournament between the years 2013 through 2022 (hereinafter, "the Tournaments").

12.     In addition to the legitimate contractual arrangement, Executive 1 and Executive 2 agreed to share the cost of paying yearly bribes to three current or former soccer officials (the "Soccer Officials") associated with the National Association.

13.     On or about March 28, 2014, Executive 1 consensually recorded a conversation with Executive 2. During the conversation, Executive 1 confronted Executive 2

---

[2]     Executive 1, who was arrested in 2013 pursuant to a sealed complaint charging obstruction of justice, has been providing information to the government in hopes of being offered a cooperation agreement.

regarding the amount of bribe money paid to the Soccer Officials in connection with the Tournaments. Specifically, Executive 1 said that the agreed upon bribe amount to be divided amongst the Soccer Officials was supposed to be $1.5 million Brazilian Reais ("Reais"). Executive 1 then complained to Executive 2 that an employee of Executive 2 at Sports Marketing Company B, specifically "Serginho," the diminutive form of the name Sergio, had instead apparently sent $2 million Reais to the Soccer Officials.

14.     Following the consensually recorded conversation referenced above, there was a series of emails between an employee of Executive 1 at Sports Marketing Company A (Company A Employee) and Sergio Campos ("Campos"), an employee at Sports Marketing Company B, discussing the total amount of the bribe payments as well as the disposition of those funds.

15.     In an email dated March 31, 2014, Campos, at the insistence of Company A Employee, explained to Company A Employee that the previously agreed upon amount of $1.5 million Reais was from "the past," but that the amount subsequently increased to $2 million Reais.[3] In that same email, Campos appeared to forward a previous email dated November 26, 2013 between Campos and Company A Employee. In the November 26, 2013 email, Campos explained that the total amount was $2 million Reais, to be split equally between Sports Marketing Company A and Sports Marketing Company B.

16.     In an email dated April 1, 2014, Campos provided an accounting of the disposition of the $2 million Reais to Company A Employee and attached relevant bank transfer records. In the text of the email, Campos emphasized that "this situation is embarrassing and

---

[3]     The email communications between Campos and Company A Employee were not in English. The content referred to herein is based on rough translations of the contents of those emails that are subject to revision.

makes us very upset. This process is a trust." The attachments to the email included the following: (1) a bank transfer record showing a transfer of $500,000 USD from Sports Marketing Company B to "Sunseeker International Ltda" on December 5, 2013; and (2) a bank transfer record showing a transfer of $800,000 Reais from Sports Marketing Company B to a different company on February 19, 2014. Campos further explained that, in addition to the two bank transfers, $200,000 [Reais] had been paid in cash. The three amounts referenced in the email equal approximately $2 million Reais.[4]

17.     The government has obtained certain records from Sunseeker International Ltd. (together with its subsidiaries and affiliates, "Sunseeker"), a luxury yacht manufacturer, regarding transactions between Sunseeker and Sports Marketing Company B. The records include a series of emails (the "Sunseeker Emails") in which individuals associated with Sunseeker communicate regarding the December 5, 2013 bank transfer of $500,000 USD from Sports Marketing Company B to Sunseeker, as well as Sunseeker's desire to obtain certain "Known Your Customer" information regarding Sports Marketing Company B prior to allocating and/or using the funds transferred. The Sunseeker Emails also make clear that the $500,000 USD payment was to be applied to the purchase of one or more yachts.

18.     Within the Sunseeker Emails are a number of email communications involving an individual identified as "Dennys Scodelario," who appears to be an employee of Sunseeker. Scodelario at times used a Sunseeker email address, but also used the email address o.dennys@gmail.com, to communicate regarding the December 5, 2013 bank transfer of $500,000 USD from Sports Marketing Company B to Sunseeker. Ultimately, on February 20, 2014, Scodelario, using the o.dennys@gmail.com email account, received certain "Know Your

---

[4]     Although the three amounts referenced equate to slightly more than $1,000,000 USD, Campos appears to indicate in the email that the $500,000 USD figure included "other things as well."

6

Customer" information regarding Sports Marketing Company B from an individual identified as "Sergio Furtado" using email address sfurtado111@hotmail.com. The information provided by Sergio Furtado includes corporate ownership and governance details concerning Sports Marketing Company B, including that the company is managed by four individuals, including Executive 2 and "Sergio Furtado Campos."

19.     There is, therefore, reason to believe that the individual using the email address sfurtado111@hotmail.com is the same Sergio Campos who is employed by Sports Marketing Company B and provided information to Company A Employee regarding the disposition of the $2 million Reais in bribe money in the emails dated March 31, 2014 and April 1, 2014 referenced above.

20.     The Sunseeker Emails do not include complete information regarding the ultimate beneficiary of the funds received from Sports Marketing Company B. There are thus reasonable grounds to believe that the information sought through this application, including but not limited to source and destination email addresses, IP addresses and other non-content header information associated with email addresses sfurtado111@hotmail.com and o.dennys@gmail.com, will provide the government with relevant and material information regarding further communications between Campos and Scodelario, communications regarding the transaction with Sports Marketing Company B, and/or communications with buyers or beneficial owners of the yacht(s) purchased during the relevant time period.

21.     Records of customer and subscriber information relating to this investigation that are available from Microsoft and Google that may be found at Microsoft and Google will help government investigators to identify additional individuals who are involved in the activities described above and to determine the nature and scope of those activities.

7

Accordingly, the conduct described above provides specific and articulable facts showing that there are reasonable grounds to believe that the materials sought are relevant and material to an ongoing criminal investigation.

22. The government requests that Microsoft and Google be directed to produce all records described in the respective Attachment As to the proposed Orders. Part 1 of Attachment A requests the account name, address, telephone number, email address, billing information, and other identifying information for the SUBJECT ACCOUNTS.

23. Part 2 of Attachment A requests the production of the SUBJECT ACCOUNTS' records and other information through the date of the Court's Order. As identified in more detail in Part 2 of Attachment A, this information includes connection information, telephone records and non-content information associated with the contents of any communication or file stored by or for the accounts.

24. The information requested should be readily accessible to Microsoft and Google by computer search, and its production should not prove to be burdensome.

25. The United States requests that this application and Order be sealed by the Court until such time as the Court directs otherwise.

26. The United States requests that, pursuant to the preclusion of notice provisions of Title 18, United States Code, Section 2705(b), Microsoft and Google be ordered not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this Order unless and until such time as they are authorized to do so by the Court. The United States submits that such an order is justified because notification of the existence of this Order would seriously jeopardize the ongoing investigation. Specifically, such a disclosure would give the subscribers an opportunity to destroy evidence, change patterns of

behavior, notify confederates, or otherwise attempt to avoid prosecution. At this time, there is no reason to believe that the targets are aware of the full scope and focus of the pending investigation.

WHEREFORE, it is respectfully requested that the Court grant the attached Order: (1) directing Microsoft and Google to provide the United States with the records and information described in Attachment A; (2) directing that three certified copies of this application and Order be provided by the Clerk of this Court to the United States Attorney's Office; and (3) directing that Microsoft and Google not disclose the existence of the application or Order, or the underlying investigation.

Dated: Brooklyn, New York
      July 25, 2014

Amanda Hector
Assistant United States Attorney
718-254-6212

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
— — — — — — — — — — — — — — — — — — — X

IN RE APPLICATION OF                           SEALED ORDER OF
THE UNITED STATES OF AMERICA                   AUTHORIZATION
FOR AN ORDER PURSUANT TO
18 U.S.C. § 2703(d )

— — — — — — — — — — — — — — — — — — — X

      This matter having come before the Court pursuant to an application under Title 18, United States Code, Section 2703, which application requests the issuance of an order under Title 18, United States Code, Section 2703(d) directing Google, an electronic communications service provider and/or a remote computing service, to disclose certain records and other information, as set forth in Attachment A to this Order, the Court finds that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

      IT APPEARING that the information sought is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including conspiracy to commit and substantive racketeering, money laundering and wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, 1956, and 1962, and that notification of the existence of this Order or the underlying application would seriously jeopardize the ongoing investigation;

      IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that Google will, within three days of the date of this Order, turn over to the United States the records and other information as set forth in Attachment A to this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, and that Microsoft shall not disclose the existence of the application or this Order of the Court, or the existence of the investigation, to the listed subscriber or customer or any other person, unless and until authorized to do so by the Court.

Dated: Brooklyn, New York
       July 2 , 2014

                              s/Joan M. Azrack
                              THE HONORABLE JOAN M. AZRACK
                              UNITED STATES MAGISTRATE JUDGE
                              EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

You are to provide the following information in electronic format:

1.      The following customer or subscriber account information for each

account registered to or associated with o.dennys@gmail.com (the "Account") for the period

November 1, 2013 to the present:

        a.     name(s) and email address;

        b.     address(es);

        c.     local and long distance telephone connection records, or records of session times and durations;

        d.     length of service (including start date) and types of service utilized;

        e.     telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

        f.     the means and source of payment for such service (including any credit card or bank account number).

2.      User connection logs for the Account(s) and time period in Part 1,

including:

        a.     records of user activity for any connections made to or from the Account, including the date, time, length, and method of connections, data transfer volume, user name, and source and destination Internet Protocol address(es);

        b.     telephone records, including local and long distance telephone connection records, caller identification records, cellular site and sector information, GPS data, and cellular network identifying information (such as the IMSI, MSISDN, IMEI, MEID, or ESN); and

        c.     non-content information associated with the contents of any communication or file stored by or for the Account(s), such as the source and destination email addresses, IP addresses and other non-content header information.

F.#2010R02495

14 MISC     877

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

IN RE APPLICATION OF                          SEALED ORDER
THE UNITED STATES OF AMERICA                  TO SERVICE PROVIDER
FOR AN ORDER PURSUANT TO
18 U.S.C. § 2703(d )

- - - - - - - - - - - - - - - - - - - - X

      This matter having come before the Court pursuant to an application under Title

18, United States Code, Section 2703, which application requests the issuance of an order under

Title 18, United States Code, Section 2703(d) directing Google, in Internet Service Provider

located in Mountain View, California, an electronic communications service provider and/or a

remote computing service, to disclose certain records and other information, as set forth in

Attachment A to this Order, the Court finds that the applicant has offered specific and articulable

facts showing that there are reasonable grounds to believe that the records or other information

sought are relevant and material to an ongoing criminal investigation.

      IT APPEARING that the information sought is relevant and material to an

ongoing criminal investigation, and that notification of the existence of this Order or the

underlying application would seriously jeopardize the ongoing investigation;

      IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that

Google will, within three days of the date of this Order, turn over to the United States the records

and other information as set forth in Attachment A to this Order.

      IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United

States Attorney's Office with three certified copies of this application and Order.

2

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, and that Microsoft shall not disclose the existence of the application or this Order of the Court, or the existence of the investigation, to the listed subscriber or customer or any other person, unless and until authorized to do so by the Court.

Dated: Brooklyn, New York
       July 25, 2014

                                    s/Joan M. Azrack
                    _____
                    THE HONORABLE JOAN M. AZRACK
                    UNITED STATES MAGISTRATE JUDGE
                    EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

You are to provide the following information in electronic format:

1.      The following customer or subscriber account information for each

account registered to or associated with o.dennys@gmail.com (the "Account") for the period

November 1, 2013 to the present:

    a.      name(s) and email address;

    b.      address(es);

    c.      local and long distance telephone connection records, or records of
            session times and durations;

    d.      length of service (including start date) and types of service utilized;

    e.      telephone or instrument number or other subscriber number or
            identity, including any temporarily assigned network address; and

    f.      the means and source of payment for such service (including any
            credit card or bank account number).

2.      User connection logs for the Account(s) and time period in Part 1,

including:

    a.      records of user activity for any connections made to or from the
            Account, including the date, time, length, and method of
            connections, data transfer volume, user name, and source and
            destination Internet Protocol address(es);

    b.      telephone records, including local and long distance telephone
            connection records, caller identification records, cellular site and
            sector information, GPS data, and cellular network identifying
            information (such as the IMSI, MSISDN, IMEI, MEID, or ESN);
            and

    c.      non-content information associated with the contents of any
            communication or file stored by or for the Account(s), such as the
            source and destination email addresses, IP addresses and other non-
            content header information.

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

14 MISC        877

- - - - - - - - - - - - - - - - - - - X

IN RE APPLICATION OF                          SEALED ORDER OF
THE UNITED STATES OF AMERICA                  AUTHORIZATION
FOR AN ORDER PURSUANT TO
18 U.S.C. § 2703(d )

- - - - - - - - - - - - - - - - - - - X

This matter having come before the Court pursuant to an application under Title 18, United States Code, Section 2703, which application requests the issuance of an order under Title 18, United States Code, Section 2703(d) directing Microsoft, an electronic communications service provider and/or a remote computing service, to disclose certain records and other information, as set forth in Attachment A to this Order, the Court finds that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT APPEARING that the information sought is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including conspiracy to commit and substantive racketeering, money laundering and wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, 1956, and 1962, and that notification of the existence of this Order or the underlying application would seriously jeopardize the ongoing investigation;

IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that Microsoft will, within three days of the date of this Order, turn over to the United States the records and other information as set forth in Attachment A to this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, and that Microsoft shall not disclose the existence of the application or this Order of the Court, or the existence of the investigation, to the listed subscriber or customer or any other person, unless and until authorized to do so by the Court.

Dated: Brooklyn, New York
July 2 , 2014

s/Joan M. Azrack
THE HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

You are to provide the following information in electronic format:

1.      The following customer or subscriber account information for each account registered to or associated with sfurtado111@hotmail.com (the "Account") for the period November 1, 2013 to the present:

        a.    name(s) and email address;

        b.    address(es);

        c.    local and long distance telephone connection records, or records of session times and durations;

        d.    length of service (including start date) and types of service utilized;

        e.    telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

        f.    the means and source of payment for such service (including any credit card or bank account number).

2.      User connection logs for the Account and time period in Part 1, including:

        a.    records of user activity for any connections made to or from the Account, including the date, time, length, and method of connections, data transfer volume, user name, and source and destination Internet Protocol address(es);

        b.    telephone records, including local and long distance telephone connection records, caller identification records, cellular site and sector information, GPS data, and cellular network identifying information (such as the IMSI, MSISDN, IMEI, MEID, or ESN); and

        c.    non-content information associated with the contents of any communication or file stored by or for the Account(s), such as the source and destination email addresses, IP addresses and other non-content header information.

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

IN RE APPLICATION OF                              SEALED ORDER
THE UNITED STATES OF AMERICA                      TO SERVICE PROVIDER
FOR AN ORDER PURSUANT TO
18 U.S.C. § 2703(d )

- - - - - - - - - - - - - - - - - - - - X

        This matter having come before the Court pursuant to an application under Title

18, United States Code, Section 2703, which application requests the issuance of an order under

Title 18, United States Code, Section 2703(d) directing Microsoft, an Internet Service Provider

loated in Redmond, Washington, an electronic communications service provider and/or a remote

computing service, to disclose certain records and other information, as set forth in Attachment

A to this Order, the Court finds that the applicant has offered specific and articulable facts

showing that there are reasonable grounds to believe that the records or other information sought

are relevant and material to an ongoing criminal investigation.

        IT APPEARING that the information sought is relevant and material to an

ongoing criminal investigation, and that notification of the existence of this Order or the

underlying application would seriously jeopardize the ongoing investigation;

        IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that

Microsoft will, within three days of the date of this Order, turn over to the United States the

records and other information as set forth in Attachment A to this Order.

        IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United

States Attorney's Office with three certified copies of this application and Order.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, and that Microsoft shall not disclose the existence of the application or this Order of the Court, or the existence of the investigation, to the listed subscriber or customer or any other person, unless and until authorized to do so by the Court.

Dated: Brooklyn, New York
    July 2 5, 2014

                                    s/Joan M. Azrack
                                    _____
                                    THE HONORABLE JOAN M. AZRACK
                                    UNITED STATES MAGISTRATE JUDGE
                                    EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

You are to provide the following information in electronic format:

1.      The following customer or subscriber account information for each account registered to or associated with sfurtado111@hotmail.com (the "Account") for the period November 1, 2013 to the present:

        a.     name(s) and email address;

        b.     address(es);

        c.     local and long distance telephone connection records, or records of session times and durations;

        d.     length of service (including start date) and types of service utilized;

        e.     telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

        f.     the means and source of payment for such service (including any credit card or bank account number).

2.      User connection logs for the Account and time period in Part 1, including:

        a.     records of user activity for any connections made to or from the Account, including the date, time, length, and method of connections, data transfer volume, user name, and source and destination Internet Protocol address(es);

        b.     telephone records, including local and long distance telephone connection records, caller identification records, cellular site and sector information, GPS data, and cellular network identifying information (such as the IMSI, MSISDN, IMEI, MEID, or ESN); and

        c.     non-content information associated with the contents of any communication or file stored by or for the Account(s), such as the source and destination email addresses, IP addresses and other non-content header information.